**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON**

| | |
|---|---|
| JENNIFER BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.  5:22-cv-00123-DCR |
| v. | ) |
| | ) |
| THE LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Jennifer Bryant, and states as follows:

1.     Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.  Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.     Lincoln admits that it is an Indiana Corporation that is licensed to engage in the business of insurance in the State of Kentucky.  Lincoln admits that it was properly served in this action.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action and that Plaintiff's claims are governed by ERISA. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      Lincoln admits that the United States District Court for the Eastern District of Kentucky has jurisdiction over this action.  Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      Lincoln admits that Hyster-Yale Group, Inc. ("Hyster") sponsored the Hyster-Yale Group, Inc. Long-Term Disability Plan (the "LTD Plan") to provide certain benefits to participating, eligible employees of Hyster.  Lincoln admits Plaintiff was, at certain times, employed by Hyster and was, at certain times, a participant in the LTD Plan.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that the LTD Plan is an employee benefit plan as defined by ERISA and is governed by ERISA.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that Plaintiff's last day of work at Hyster was September 12, 2018. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Group Disability Income Policy (the "Policy") issued to Hyster by Lincoln

was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the LTD Plan under the Policy. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan under the Policy was determined, and Lincoln refers to these documents themselves as the best evidence of the contents. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter to Plaintiff dated September 18, 2020, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that it received an appeal of the denial of further benefits from the LTD Plan under the Policy. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the

3

LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 11 of the Complaint.

12.     Lincoln admits it sent a letter to Plaintiff dated June 24, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff's claim for benefits from the LTD Plan under the Policy was assigned Claim Number 8676726. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13.     Lincoln denies that it violated any provision of ERISA with regard to Plaintiff's claim for benefits, and Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, along with attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

Lincoln denies Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

**4**

### AFFIRMATIVE DEFENSES

1.      The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.      The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claims for benefits from the LTD Plan under the Policy was arbitrary and capricious because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.      Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which require offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

### PRAYER

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 23rd day of May 2022.

**5**

Respectfully submitted,

By:    /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Kentucky, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

      Rodney G. Daivs
      Email:  rgd@davislawky.com


 May 23, 2022                                 /s/ Iwana Rademaekers
          Date                                       Iwana Rademaekers

**6**